REUBEN HALL v. THE PEOPLE.

*Rape—Evidence as to previous friendly relations.*

The defendant in a prosecution for rape has a right to show that his previous relations with the complaining party were of a friendly character, even though the testimony has no tendency to show that they were improper or that her general character or reputation was bad.

A person charged with rape may be convicted of felonious assault.

Error to Eaton. Submitted Jan. 25. Decided Jan. 26.

INFORMATION for rape. Respondent brings error. Reversed.

*H. F. Pennington* for plaintiff in error. An information for rape includes the offense of felonious assault: *People v. McDonald* 9 Mich. 150; *Hanna v. People* 19 Mich. 316; *Campbell v. People* 34 Mich. 351; *State v. Vinsant* 49 Ia. 241.

Attorney General *Jacob J. Van Riper* for the People. A count for an assault may be added in an information for rape: Whart. Crimes 1154.

MARSTON, J. The respondent was charged with the crime of rape upon one Ella Conklin and convicted. Several errors are assigned, only two of which will be noticed.

It appeared by the evidence that the complaining witness and her husband had some time prior to the alleged offense resided in a house belonging to the respondent. And she testified that respondent was not on friendly terms with her; that at the time of the alleged rape when he came into the house she did not enter into any conversation with him, except to answer his questions; that she told him she wanted him to go home; that she did not want him to come in there when her husband was away; that she did not upon one occasion see defendant at Hamilton's store in the even-

ing and invite him to come over to her house before he went home. She further testified that she did not like the defendant, and that he did not come to the house on any other occasion except to get his rent.

Mrs. Chappell, a witness sworn on the part of the defence, testified that she was acquainted with the complaining witness and respondent. The following questions, answers and rulings then followed:

Mrs. Hattie Chappell, a witness sworn on behalf of the defendant, testified that she was acquainted with Mrs. Ella Conklin, and with the defendant. Had been at Mrs. Conklin's house frequently.

*Question.* "When you have been there with Mrs. Conklin have you heard her talk with Reuben Hall (the defendant), or say anything about his being there?"

*Answer.* "Yes, sir."

*Question.* "State to the jury what you have heard her say?" To which question the prosecutor interposed an objection.

*By the Court to Defendant's Counsel.* "You must lay the foundation for impeachment if you wish to show her statement."

Counsel for the people thereupon claimed that it was a collateral matter; that it was not material.

*By the Court.* "I suppose the object is to show intimacy between Hall and this woman?"

*Counsel for Defendant.* "That is it exactly."

*By the Court.* "An improper intimacy, if they have any proof of that kind; it is proper."

*People's Counsel.* "I suppose they may show the character of the woman."

*By the Court.* "Yes."

*Defendant's Counsel.* "We are not going into the character of the woman."

*By the Court.* "I will sustain the objection. It is entirely proper for the defence here to show this woman has been criminally intimate with Hall if they can; but if her reputation for chastity is not to be attacked, the mere fact that Hall has been to the house is immaterial to this issue. I think I will sustain the objection under the statement of counsel that he does not propose to attack her reputation or character."

Whereupon defendant's counsel took an exception to the holding and ruling of the court.

*Question.* " Have you seen Hall at Mrs. Conklin's fre-quently ?"

*Answer.* " Yes, sir."

*Question.* Have you heard Mrs. Conklin invite him to come there ?"

*Answer.* " Yes, sir."

. Whereupon the people's counsel objected and moved to have the answer stricken out. The court sustained the objection and the testimony was stricken out. Defendant's counsel then and there took an exception to the ruling and order of the court.

We are of opinion that this proposed evidence was improperly excluded. The respondent had a clear right to show that the relations previously existing between him and Mrs. Conklin were of a friendly character, even although such evidence would have no tendency to show that improper relations existed between them or that her general character or reputation was bad.

If unfriendly relations existed between these parties at the time respondent visited the house when the offence is said to have been committed, the purpose he had in view when going there, and the means he intended to resort to in order to accomplish such purpose, might be very different from those likely to be entertained in case the visit was made to a person with whom he was on friendly terms. In the one case his object might fairly be said to accomplish his purpose at all hazards as nothing else could have been expected; in the other, by more peaceable and persuasive measures.

The previous relations may always be shown as evidence tending to show the probability or improbability of the commission of such an offence. *People v. Jenness* 5 Mich. 305.

We are also of the opinion that the court erred in not instructing the jury that they might convict the accused of a felonious assault under the offence charged. This clearly was included, and the jury could not be limited to a finding of an assault and battery or simple assault in case they could not find the highest offence charged.

The judgment must be reversed and a new trial ordered. The respondent will be remanded to the custody of the sheriff of Eaton county.

The other Justices concurred.