**Robert Lee JENKINS et al., Petitioners,**

**v.**

**Robert MOORE, etc., Respondent.**

**No. CIV-2-74-182.**

United States District Court, E. D. Tennessee, Northeastern Division.

Jan. 8, 1975.

None appearing for petitioners.

W. Henry Haile, II, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND CERTIFICATE

NEESE, District Judge.

By answer of December 16, 1974 herein, the respondent undertook to show cause why the federal writ of habeas corpus should not be granted herein. Therein, the respondent conceded that these applicants for such writ exhausted their state remedies. 28 U.S.C. § 2254 (b).

The remaining claim of the applicants, see order herein of December 4, 1974, relates to their insistence that they were denied their federal right to compulsory witnesses in their favor, Constitution, Sixth Amendment, in the trial of the case of State of Tennessee v. Robert Lee Jenkins, Et Al., Tenn.Cr.App., 509 S.W. 2d 240. (The applicants are incarcerated as a result of the judgments of conviction therein.) They claim that they were not permitted to offer their evidence, consisting of an autopsy report showing the concentration of alcohol in their deceased victim's blood.

This issue was considered on appeal to the Court of Criminal Appeals of Tennessee with these conclusions:

Both defendants [petitioners, here] next complain that the court erred in excluding from the evidence an autopsy report showing the alcohol concentration in the deceased's blood. Upon cross-examination counsel for the defendant Robert Lee Jenkins elicited from a Kingsport police officer who investigated the homicide, and who was called as a prosecution witness, that the pathologist gave him a report made by the laboratory of the Holston Valley Community Hospital showing that the deceased was drinking, and asked the witness to file that report as an exhibit to his testimony. The court sustained the State's objection on the ground that such was hearsay. There was considerable contentious discussion about the autopsy report with reference to the analysis of the deceased's blood. After the jury retired for deliberation * upon its verdict[s], a Xerox copy of a document entitled "Provisional Anatomical Diagnosis, Holston Valley Community Hospital, Kingsport, Tenn.", obviously made by the pathologist and which described the deceased's wound and stated that a blood sample was sent to the State Laboratory for toxicologic examination, was admitted on motion of Robert Lee Jenkins' counsel. Then, on motion of the State, a Xerox copy of the pathologist's autopsy report, in which the body of the provisional report just referred to was copied, and which included a finding that the deceased had a blood alcohol level of "224 gms.%", was also admitted.

In our judgment the defendants' complaints about alcohol in the deceased's blood are without substance, because such evidence was wholly irrelevant and immaterial to any issue in the case. Plainly, the amount of alcoholic beverage the deceased may have consumed and its effect upon him could not be raised as a matter of defense by either of the defendants, in

---

* It does not appear from the record of the state court proceedings, available herein, that such documentary evidence was exhibited to the jury after being admitted in evidence.

the context of this record and under their theory of the case. There is nothing in this record to show that he ever spoke a word to either of them, or that anything he may have had to drink beforehand affected him in any way or precipitated the events culminating in his death.

Robert Lee Jenkins, Et Al., plaintiffs in error, v. State of Tennessee, defendant in error, no. 174, Sullivan County, in the Court of Criminal Appeals of Tennessee, opinion of January 3, 1974, certiorari on behalf of Harvey E. Jenkins denied by the Tennessee Supreme Court, April 15, 1974.

There is nothing in the foregoing quotation and nothing in the averments of the petitioners in their application to indicate that any effort was ever made by them or on their behalf to secure the attendance of any witness in their favor on this issue. And, even assuming *arguendo*, that such a request was made, "* * * [t]he Framers of the Constitution did not intend to commit the futile act of giving to a defendant the right to secure the attendance of witnesses whose testimony he had no right to use. * * *" Washington v. Texas (1967), 388 U.S. 14, 23, 87 S.Ct. 1920, 1925, 18 L.Ed.(2d) 1019, 1025[2].

It appearing from the application and foregoing that the applicants, the Messrs. Jenkins, are not entitled to the federal writ of habeas corpus, they hereby are denied all relief. 28 U.S.C. § 2243; Rule 58(1), Federal Rules of Civil Procedure. Should either petitioner (or both of them) give timely notice of an appeal from the judgment to be thus entered here, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause, which, in that event, will issue. Rule 22(b), Federal Rules of Appellate Procedure.