# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

　　　　　Plaintiff-Appellee,

v

JAMES MICHAEL MAGLINGER,

　　　　　Defendant-Appellant.

UNPUBLISHED
May 18, 2017

No. 331040
Macomb Circuit Court
LC No. 2014-004411-FC

---

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

A jury convicted defendant of first-degree child abuse, MCL 750.136b(2), for which the trial court sentenced him to 135 to 300 months' imprisonment. Defendant appeals as of right. We affirm.

Defendant was convicted of physically abusing his two-month-old son while caring for the child on January 5, 2013. Medical evidence revealed that the child suffered, *inter alia*, a skull fracture, a subdural hematoma, and multiple rib fractures. A medical expert classified the injuries as "child abuse," specifically, "[a]busive head trauma." The expert opined that the injuries were inconsistent with an accidental fall, given that the child's head was struck with more force than could be created by a fall of less than five feet. In contrast, the defense maintained that the child's injuries occurred accidentally when the six-foot-one defendant was holding the child and reaching for baby bottle liners, and the child suddenly used his legs to push away from defendant and fell from defendant's arms to the floor, striking his head on the kitchen counter and/or the hard floor.

## I. MOTION FOR A MISTRIAL

Defendant first argues that the trial court erred in denying his motion for a mistrial after the prosecutor, in response to a defense request that defendant stand up to display his height, remarked, "This is inappropriate. If he wants to take the stand, he may." Defendant argues that the prosecutor's remark impermissibly commented on his right to remain silent, necessitating the trial court to declare a mistrial. We disagree.

This Court is obligated to evaluate a prosecutor's conduct on a case-by-case basis, and review all statements by a prosecutor in context. *People v Roscoe*, 303 Mich App 633, 648; 846

-1-

NW2d 402 (2014). A comment by the prosecutor regarding a defendant's failure to take the stand is generally improper. *People v Jansson*, 116 Mich App 674, 690; 323 NW2d 508 (1982). Such remarks "are prohibited because they ask the jury to draw the inference that the defendant is guilty or hiding something merely because he has not taken the stand." *People v Buckey*, 424 Mich 1, 14; 378 NW2d 432 (1985). However, the determination of whether such error necessitates a mistrial is entrusted to the discretion of the trial court. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *Id.* A mistrial should be granted "only for an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *Id.* (internal quotation marks and citation omitted).

In this case, the prosecution did not imply that defendant's failure to take the stand could be perceived as an indication of guilt. Rather, the challenged remark was made in the context of objecting to defense counsel's request that defendant stand up. In this context, the prosecutor was objecting to defendant being able to exhibit his height, in order to dispute that the child did not take a "short fall," without being subjected to cross-examination. Although error, this statement was not so egregious that it could not be remedied by an appropriate curative instruction. In its final instructions, the trial court instructed the jury that "[e]very defendant has the absolute right not to testify. When you decide the case, you must not consider the fact that he did not testify. It must not affect your verdict in any way." It is well established that jurors are presumed to follow their instructions, *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011), "and instructions are presumed to cure most errors," *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Accordingly, we conclude that these instructions were sufficient to dispel any possible prejudice and to protect defendant's substantial rights. *People v Long*, 246 Mich App 582, 588; 633 NW2d 843 (2001).

Defendant acknowledges the trial court's instructions, but asks this Court to presume that they were ineffective because they were not "tailored to the specific situation and comment in the case." However, defense counsel did not object to the prosecutor's comment and failed to request a curative instruction, which is the appropriate method for remedying any perceived prejudice arising from a remark by the prosecutor. *People v Mann*, 288 Mich App 114, 121-122; 792 NW2d 53 (2010). Although the trial court did not mention the prosecutor's comment in its final instructions, the instructions regarding defendant's right not to testify directly and precisely addressed the substance of the comment. Consequently, any prejudice caused by the prosecutor's comment was cured by the trial court's instructions, and the trial court's denial of defendant's motion for a mistrial was not an abuse of discretion.

## II. RIGHT TO PRESENT A DEFENSE

Lastly, defendant argues that the trial court violated his constitutional right to present a defense when it precluded Kathleen Thomas, the family's foster care worker since December 2014, from testifying. Again, we disagree. Although defense counsel sought to have the witness testify, to which the prosecutor successfully objected, defendant never argued that her testimony was necessary to preserve his constitutional right to present a defense. Therefore, defendant's constitutional claim is not preserved, and our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

Although a defendant has a constitutional right to present a defense, US Const, Am VI; Const 1963, art 1 § 20; *People v Adamski*, 198 Mich App 133, 138-139; 497 NW2d 546 (1993), he must still comply with procedural and evidentiary rules established to assure the fairness of the trial and the reliability in the verdict. See *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984); *People v Arenda*, 416 Mich 1, 8; 330 NW2d 814 (1982). The Michigan Rules of Evidence prohibit the admission of evidence that is not relevant. MRE 402. Thus, "[t]he right to present a defense extends only to *relevant* evidence." *People v Danto*, 294 Mich App 596, 604; 822 NW2d 600 (2011). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

Defendant was charged with violating MCL 750.136b(2), which provides that "[a] person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical or serious mental harm to a child." MCL 750.136b(1)(f) defines "serious physical harm" as "any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut."

The prosecution argued that defendant knowingly or intentionally caused serious physical harm to the child on or before January 5, 2013. Dr. Mary Lu Angelilli, who was qualified as an expert in pediatrics and child abuse, testified that the physical injuries that the child sustained on January 5 included a skull fracture, a bilateral subdural hemorrhage, and multiple rib fractures, which are plainly included in the definition of "serious physical harm." Defendant never claimed that Thomas, a foster care worker, was qualified to rebut these medical findings.

Defendant argues that Thomas's testimony was relevant "to provide evidence from an unbiased, non-family member . . . as to [the child's] condition *subsequent* to the incident." Defendant's purpose in calling Thomas was to show that the child "did not appear to show signs of any ongoing impairment or physical/mental deficiencies." Thomas's testimony regarding her observations while monitoring the child's visitation nearly two years after the incident was simply not relevant to whether the child suffered serious physical harm on or before January 5, particularly in the face of the undisputed medical evidence of his injuries. As the trial court stated regarding the testimony of Thomas: "It becomes a bit difficult because her job isn't to come in for therapy or treat him or play with him. The only reason is a visitation issue. And without saying she's got some educational background in child development therapy or education, I would have to agree that becomes complicated." Consequently, the trial court did not violate defendant's constitutional right to present a defense when it excluded this testimony.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle