*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 23, 2020

v

No. 345262
Oakland Circuit Court
LC No. 2017-263911-FH

ANDRE LEROY JAMISON,

Defendant-Appellant.

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of possession with intent to deliver 50 or more but less than 450 grams of heroin, MCL 333.7401(2)(a)(*iii*); possession with intent to deliver 450 or more but less than 1,000 grams of cocaine, MCL 333.7401(2)(a)(*ii*); possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*); felon in possession of a firearm, MCL 750.224f; felon in possession of ammunition, MCL 750.224f(6); and five counts of possession of a firearm during the commission of a felony, second offense, MCL 750.227b. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 15 to 60 years for the possession with intent to deliver heroin conviction, 20 to 60 years for the possession with intent to deliver cocaine conviction, and 3 to 15 years each for the possession with intent to deliver marijuana and the felon-in-possession convictions, to be served consecutive to five concurrent five-year terms of imprisonment for the felony-firearm convictions. Defendant appeals as of right. We affirm.

Defendant's convictions arise from the discovery of drugs, firearms, and ammunition during the execution of a search warrant at a Pontiac residence on June 6, 2017. The prosecution presented evidence that, after conducting surveillance, members of the Oakland County Narcotics Enforcement Team ("NET") obtained a search warrant for 105 Pinegrove. On the day of the raid, defendant was seen leaving the residence in a Ford Taurus. The police coordinated a traffic stop, took defendant into custody, and, during a search, recovered some keys. The officers then executed the search warrant for the house. The keys that were recovered from defendant provided access to both the side door of the house and to a car with no tires inside the garage. Inside the car, detectives found heroin, cocaine, drug-packaging materials, and items bearing defendant's

name. In other areas of the garage, the officers found additional items used to package drugs, heroin, marijuana, two firearms, and ammunition. Inside the house, the detectives found photographs of defendant, several items bearing defendant's name with the Pinegrove address, additional firearms, and more ammunition. The detectives also seized several cell phones. While in jail, defendant made phone calls that included references to the search of the premises. At trial, the defense disputed that defendant possessed the contraband found at 105 Pinegrove or had knowledge that drugs were stored there. The defense argued that the NET detectives "set [defendant] up" and planted the contraband at the residence.

## I. DEFENDANT'S RIGHT TO PRESENT A DEFENSE

Defendant argues that the trial court's refusal to allow him to introduce evidence that he had previously filed a civil lawsuit against two of the investigating detectives denied him his right to present a defense and to cross-examine witnesses. While we agree that defendant should have been allowed to introduce evidence of the civil lawsuit while, we find that the trial court's abuse of its discretion in precluding this evidence was not outcome determinative.

A trial court's decision to admit or exclude evidence is generally reviewed for an abuse of discretion. *People v Thorpe*, 504 Mich 230, 251-252; 934 NW2d 693 (2019). "The decision to admit evidence is within the trial court's discretion and will not be disturbed unless that decision falls outside the range of principled outcomes." *Id*. at 252 (quotation marks and citation omitted.) "A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Id*. We review claims of constitutional error de novo. *People v Harris*, 499 Mich 332, 342; 885 NW2d 832 (2016).

Defendant's claims related to this issue involve a civil lawsuit that defendant previously brought against the two primary detectives in this matter. In that lawsuit, defendant alleged that during an unrelated traffic stop in 2011, the detectives assaulted him, he later sued them, and the case was dismissed by settlement. Defendant argues that this evidence was relevant to show that the detectives were motivated to investigate him and plant the contraband at the residence.

Although a defendant has a constitutional right to present a defense, US Const, Am VI; Const 1963, art 1 § 20, he must still comply with procedural and evidentiary rules established to assure fairness and reliability in the verdict. See *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984); *People v Arenda*, 416 Mich 1, 8; 330 NW2d 814 (1982). Relevant here, the Michigan Rules of Evidence prohibit the admission of evidence that is not relevant. MRE 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Evidentiary rules excluding evidence from trial "do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *People v Unger*, 278 Mich App 210, 250; 749 NW2d 272 (2008) (quotation marks and citation omitted.)

The fact that the detectives assaulted defendant some years previously, in an unrelated incident, and that defendant brought a civil lawsuit against them, could make it more probable than not that the detectives could be biased against defendant, at the very least to the extent that they were motivated to more closely observe defendant thereafter and watch for potential drug-

trafficking activities. Where the detectives had been named in an assault lawsuit concerning defendant and settled the matter with him could lead to their predisposition against defendant and make him the target of investigation and surveillance to which he might not otherwise have been subjected. Allowing the defense to elicit testimony and otherwise introduce evidence concerning the civil lawsuit would not, as the trial court stated, lead to a "trial within a trial." Rather, the defense would simply be able to question the detectives concerning any bias they may have had against defendant.

However, while the trial court abused its discretion by excluding any reference to or examination concerning this prior civil lawsuit, we do not find that this error was outcome determinative. "A preserved error in the admission of evidence does not warrant reversal unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013)(internal quotation marks omitted).

At trial in this matter, when the police took defendant into custody, he had keys on his person that provided access to both the house and to an inoperable car in the garage. Inside the car, and on the premises, officers found more than 900 grams of cocaine, more than 100 grams of heroin, nearly 400 grams of marijuana, drug-packaging materials, firearms, ammunition, and numerous items bearing defendant's name and connecting him to the premises. Given the quantity of narcotics and the packaging materials found, there was significant evidence indicating defendant's guilt of the charged crimes. Had evidence concerning the prior lawsuit been allowed, that evidence did not negate the fact that defendant was found with keys to the car and home in which a significant quantity of drugs and drug-trafficking materials were found. Consequently, defendant is not entitled to appellate relief with respect to this issue.

## II. OTHER-ACTS EVIDENCE

Next, defendant argues that the trial court abused its discretion by admitting a portion of a recorded jail call in which defendant referenced having previously been "caught with 70 grams on his bike." Defendant argues that this evidence was inadmissible under MRE 404(b)(1).

"At its essence, MRE 404(b) is a rule of inclusion, allowing relevant other acts evidence as long as it is not being admitted solely to demonstrate criminal propensity." *People v Martzke*, 251 Mich App 282, 289; 651 NW2d 490 (2002); see also *People v Mardlin*, 487 Mich 609, 615; 790 NW2d 607 (2010). Although MRE 404(b)(1) prohibits "evidence of other crimes, wrongs, or acts" to prove a defendant's character or propensity to commit the charged crime, it permits such evidence for other purposes, "such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material." *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004). Other-acts evidence is admissible under MRE 404(b)(1) if it is (1) offered for a proper purpose, i.e., one other than to prove the defendant's character or propensity to commit the crime, (2) relevant to an issue or fact of consequence at trial, MRE 401, and (3) sufficiently probative to outweigh the danger of unfair prejudice, under MRE 403. *People v Starr*, 457 Mich 490, 496-497; 577 NW2d 673 (1998); *People v VanderVliet*, 444 Mich 52, 55, 63-64, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). Further, although MRE 404(b)(1) provides examples of permissible uses of other-acts evidence, the list is not exhaustive. *People v Watson*, 245 Mich App 572, 576-577; 629 NW2d

411 (2001). The rule permits the admission of evidence of a defendant's prior acts for any relevant purpose that "does not risk impermissible inferences of character to conduct." *Id*. at 576 (citation omitted).

In this case, the fact that defendant previously possessed a significant quantity of a controlled substance was relevant to the prosecution's theory that defendant was the owner of the drugs and drug-packaging materials found in his residence in June 2017, and was engaged in a scheme or system of drug trafficking. It also tended to weaken defendant's theory of the case that the police planted the evidence at his residence in June 2017. The evidence could thus be deemed relevant for a proper purpose under MRE 404(b)(1).

Nevertheless, the trial court did not engage in balancing the probative value and prejudicial effect of the evidence as required by MRE 403. Under the balancing test of MRE 403, a court must first decide if the other-acts evidence is unfairly prejudicial, and then " 'weigh the probativeness or relevance of the evidence' against the unfair prejudice" to determine whether any prejudicial effect substantially outweighed the probative value of the evidence. *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (citation omitted). Also, the trial court did not take any other measures to limit the potential for unfair prejudice, such as by providing a limiting instruction regarding the evidence. These were errors on the trial court's part. As with the evidence concerning the prior lawsuit, though, because significant independent evidence overwhelmingly established defendant's guilt of the charged offenses it is not more probable than not that the error was outcome determinative. *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999). Accordingly, defendant is not entitled to reversal of his convictions on this basis.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto