## PEOPLE v CARDENAS

Docket No. 242977. Released February 24, 2004, at 9:00 A.M.; vacated March 22, 2004.

Before: FORT HOOD, P.J., and BANDSTRA and METER, JJ.

METER, J. Defendant appeals by leave granted from an order denying his motion for a judicial determination that he cooperated with law enforcement and thus was entitled to early parole consideration under MCL 791.234(10). We remand for a hearing because we must do so under MCR 7.215(J)(1).

In 1990, a jury convicted defendant of conspiracy to deliver 650 grams or more of cocaine, MCL 750.157a(a) and MCL 333.7401(2)(a)(i); delivery of 225 grams or more but less than 650 grams of cocaine, MCL 333.7401(2)(a)(ii); and delivery of 650 grams or more of cocaine, MCL 333.7401(2)(a)(i).[1] The trial court sentenced him to two mandatory life sentences without parole for the two convictions involving 650 grams or more of cocaine and to twenty to thirty years' imprisonment for the remaining conviction.

On January 22, 2002, twelve years after his conviction, defendant sent a letter to the Oakland County Prosecutor as part of an effort to obtain early parole under MCL 791.234(10), which states:

If the sentencing judge, or his or her successor in office, determines on the record that a prisoner described in subsection (6) sentenced to imprisonment for life for violating or conspiring to

---

[1] We note that MCL 333.7401 was amended by 2002 PA 665 and now punishes the delivery of different amounts of controlled substances than the amounts specified at the time of defendant's convictions and sentences.

violate section 7401(2)(a)(i) of the public health code, 1978 PA 368, MCL 333.7401, has cooperated with law enforcement, the prisoner is subject to the jurisdiction of the parole board and may be released on parole as provided in subsection (6), 2½ years earlier than the time otherwise indicated in subsection (6). The prisoner is considered to have cooperated with law enforcement if the court determines on the record that the prisoner had no relevant or useful information to provide. The court shall not make a determination that the prisoner failed or refused to cooperate with law enforcement on grounds that the defendant exercised his or her constitutional right to trial by jury. If the court determines at sentencing that the defendant cooperated with law enforcement, the court shall include its determination in the judgment of sentence.

In his letter to the prosecutor, defendant expressed his wish to cooperate with law enforcement. He wrote, "I propose that you designate a representative from the Prosecutors Office to meet me at the Boyer Road Correctional Facility for a debriefing. I will fully and accurately share the information known to me about my underlying case." The prosecutor declined to meet with defendant. Defendant then filed a motion for a judicial determination that he had cooperated with law enforcement. The trial court denied defendant's motion, stating, inter alia:

Whether the defendant has cooperated with law enforcement is an issue of fact. This court cannot make a determination of cooperation without first holding an evidentiary hearing. Nothing in [MCL 791.234(10)] gives any prisoner a right to a hearing as to whether he has cooperated.

*        *        *

The sentencing judge made no determination that the defendant cooperated with law enforcement. The defendant does not claim that he actually cooperated with law enforcement. Rather, he merely seeks to demonstrate that he now has no useful information. However, the standard set forth in the statute is not whether the defendant "has" useful information but whether the defendant "had" useful information. It would make a mockery of the intent of the Legislature to allow a prisoner who did not cooperate to demand early parole based on his refusal to cooperate when he may have had useful information at the time of his conviction. Accordingly, this Court declines to exercise its discretion to grant the defendant a hearing.

Defendant filed a motion for reconsideration and attached to it an affidavit in which he named individuals and locations involved in his underlying drug offenses. The trial court denied the motion for reconsideration, stating:

This Court's position is fully set forth in the prior opinion and order. Nothing in the statute or case law gives the defendant a right to a hearing to determine whether he has cooperated. Since the defendant does not claim that he actually cooperated, or that he had no useful information at the time of his arrest, the Court declines to exercise its discretion to grant the defendant a hearing.

Defendant now argues that the trial court should have, at a minimum, granted him a hearing to determine whether he should be given a 2½-year reduction in the time he must serve before becoming eligible for parole.[2]

At the time of defendant's convictions and sentences, MCL 333.7401(2)(a)(i) provided for a mandatory sentence of life imprisonment. Moreover, the parole eligibility statute precluded the possibility of parole for defendant because he was sentenced to a mandatory term of life imprisonment for a major controlled substance offense. See *People v Matelic*, 249 Mich App 1, 6; 641 NW2d 252 (2001). However, "[i]n 1998, the Legislature revisited the question of mandatory life imprisonment for traffickers in mixtures of controlled substances in amounts weighing 650 grams or more," and it eventually passed two bills that mitigated the severe punishments. *Id.* As stated in *Matelic*,

> 1998 PA 319 amended MCL 333.7401(2)(a)(i) to remove this subsection's mandatory life imprisonment language, instead authorizing punishment "for life or any terms of years but not less than 20 years." 1998 PA 314 amended MCL 791.234(6) by deleting the subsection's explicit exclusion of violators of MCL 333.7401(2)(a)(i) from parole consideration and by specifically providing for parole eligibility for such an offender after twenty years' imprisonment if the offender "has another conviction for a serious crime," or after 17½ years' imprisonment if the offender "does not have another conviction for a serious crime." [*Matelic, supra* at 6-7.][3]

1998 PA 314 also created MCL 791.234(10),[4] which, as noted, grants earlier parole eligibility to an offender convicted under MCL 333.7401(2)(a)(i)

---

[2] This issue involves the interpretation of MCL 791.234(10). We review de novo issues of statutory interpretation. *People v Matelic*, 249 Mich App 1, 10; 641 NW2d 252 (2001).

[3] The prosecutor argues that defendant is subject to the twenty-year period instead of the 17½-year period that the trial court concluded was applicable. We decline to consider this issue because the prosecutor did not present this argument in a cross-appeal. An appellee is limited to the issues raised in the appellant's brief unless he cross-appeals under MCR 7.207. *People v Gallego*, 199 Mich App 566, 575; 502 NW2d 358 (1993).

[4] As noted in *Matelic, supra* at 7 n 2, "[c]urrent subsection 10 was designated subsection 10 in 1998 PA 314, but became subsection 9 following the amendments of 1998 PA 512, only to again become subsection 10 following the amendments of 1999 PA 191."

and sentenced to life imprisonment if the offender " 'has cooperated with law enforcement.' " *Matelic, supra* at 7, quoting MCL 791.234(10).

In *Matelic, supra* at 5, the trial court, in 1987, sentenced the defendant to a mandatory term of life imprisonment for a conviction under MCL 333.7401(2)(a)(i). In 1999, the defendant, seeking to reap the benefits of newly enacted MCL 791.234(10), sent a letter to the prosecutor expressing his " 'willingness to "cooperate with law enforcement" ' by meeting 'with any designated representative of [the prosecutor's] office for the purpose of providing . . . such assistance as you may request.' " *Matelic, supra* at 7-8. The defendant filed a motion seeking to have the trial court make a determination concerning defendant's willingness to cooperate with the authorities. *Id.* at 8. The prosecutor asserted that the defendant should have offered some information at the time of his conviction and that his current letter was nothing but a disingenuous attempt to qualify for earlier parole eligibility. *Id.* The trial court denied the defendant's motion, ruling that his offer to cooperate twelve years after his conviction did not satisfy the requirements of MCL 791.234(10) because the statute states that early parole eligibility can result only if the prisoner " '*has* cooperated with law enforcement,' " implying that cooperation occurring after the enactment of MCL 791.234(10) is insufficient. *Matelic, supra* at 9-10 (emphasis in *Matelic*).

This Court addressed the issue of when "cooperation" must occur in order for a defendant to reap the benefits of MCL 791.234(10). *Matelic, supra* at 12. The Court found that there was no support within the plain language of the statute for the trial court's conclusion that a defendant's "cooperation" must have occurred before the Legislature's creation of MCL 791.234(10) in order for the defendant to gain early parole eligibility. *Matelic, supra* at 12. The Court stated that "[t]he statute clearly contemplates that the trial court must determine that a defendant '*has cooperated* with law enforcement' at some point in the past, but lacks any language whatsoever prescribing an appropriate window of opportunity during which the cooperation must have occurred." *Id.* (emphasis in *Matelic*). The Court additionally stated that "[o]ur engrafting onto the statute a temporal limitation with respect to a defendant's opportunity to cooperate, where one otherwise plainly cannot be ascertained within the statutory language, would infringe improperly the Legislative authority to promulgate laws." *Id.* The Court rejected the prosecutor's suggestion that "cooperation" under the statute cannot exist if a defendant "offers stale advice or information otherwise unhelpful to law enforcement." *Id.* at 13. The Court stated that "where a defendant provides some information potentially pertinent to law enforcement duties, cooperation has occurred for purposes of MCL 791.234(10)." *Matelic, supra* at 17.

The Court then stated the following:

> We agree with the trial court's suggestion that an offer to cooperate is not the equivalent to actual cooperation. We wish to emphasize the distinction between a defendant's mere general expression of intent to offer law enforcement some unspecified assistance, as defendant made in this case, and a defendant's demonstration of

some specific information or assistance that he extended to some law enforcement employee. We find an unsubstantiated general expression of intent to cooperate, without more, insufficient to satisfy the statutory definition of cooperation with law enforcement.

Because we cannot determine from the instant record exactly what information or assistance defendant intended to lend the prosecutor, we must remand to the trial court for the purpose of conducting a hearing to determine whether defendant could provide law enforcement any specific information potentially germane to the execution of law enforcement duties. According to the plain statutory language, which we are bound to enforce, the trial court shall deem defendant to have cooperated if he provides law enforcement any specific information pertaining to the execution of law enforcement duties, even if law enforcement ultimately deems the information irrelevant to its current duties or investigations or otherwise has no use for the information. [*Id.* at 18.]

Like the defendant in *Matelic*, defendant in the instant case sent a letter to the prosecutor offering to cooperate. We can find no rational basis on which to distinguish the situation in the instant case from the situation in *Matelic*. Under MCR 7.215(J)(1),

[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals as provided in this rule.

We therefore conclude that the trial court erred in denying defendant a hearing with regard to whether he is entitled to early parole eligibility under MCL 791.234(10). Because defendant offered to cooperate, he is entitled to a hearing under the holding of *Matelic, supra*, at 18. We express no opinion, however, regarding the outcome of this hearing, i.e., regarding whether defendant is in fact entitled to early parole eligibility.

Were we not required to follow *Matelic* by virtue of MCR 7.215(J)(1), we would affirm the trial court's ruling in the instant case.[5] Indeed, while we do not disagree with the *Matelic* panel's rulings concerning the lack of a temporal limitation in MCL 791.234(10)[6] and concerning the definition of "cooperation" found in that statute, we do disagree with the panel's ruling

---

[5] Even if certain aspects of the court's ruling were unfounded (such as the court's conclusion that "cooperation" under MCL 791.234[10] must occur at the time of conviction), we note that we may affirm a trial court's ruling if the court reached the right result for the wrong reasons. See *Draws v Levin*, 332 Mich 447, 454; 52 NW2d 180 (1952).

[6] We note, however, that we do not address the circumstance in which a defendant initially refused to cooperate and then, sometime later, changed his mind, because there is nothing either in *Matelic* or in the

concerning the entitlement to a hearing. MCL 791.234(10) states that an individual is subject to early parole eligibility if he *"has cooperated with law enforcement"* or *"had no relevant or useful information to provide."* (Emphasis added.) Defendant simply did not make a sufficient initial showing, in his motion, that he "has cooperated with law enforcement" or that he "had no relevant or useful information to provide."[7] There is no requirement in MCL 791.234(10) that a trial court must conduct a hearing "to determine whether [a] defendant could provide law enforcement any specific information potentially germane to the execution of law enforcement duties," see *Matelic, supra* at 18, when the defendant has not made an initial showing of cooperation but has merely made an *offer* to cooperate. As stated by the dissenting judge in *Matelic*:

> Defendant's motion for judicial determination established, at best, merely a future, *stated willingness* to cooperate with law enforcement. The only evidence before the lower court at the time of the motion was defendant's "offer" to cooperate in the form of defense counsel's letter to the prosecutor. This letter fails to establish either that defendant had already cooperated with law enforcement *or* that at no time before the motion did defendant have relevant or useful information to provide. Because the evidence presented to the lower court at the time of the motion was insufficient to establish cooperation as required by the statute, remand to the trial court for an evidentiary hearing is not warranted. See, e.g., *People v Arenda*, 416 Mich 1, 14; 330 NW2d 814 (1982) (absent an offer of proof an appellate court can only speculate about the existence of relevant evidence); *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973) (remand is appropriately denied where the defendant fails to demonstrate by affidavit or offer of proof that the type of factual record that is required before an issue can be decided by this Court could be developed). [*Matelic, supra* at 32-33 (WILDER, J., dissenting in part; emphasis in original).]

We agree with Judge WILDER's reasoning in this excerpt. Defendant here "fail[ed] to establish either that [he] had already cooperated with law

---

instant case suggesting that such a situation, i.e., an earlier explicit refusal to cooperate, existed.

[7] We note that defendant's motion for a judicial determination regarding cooperation is not contained in the lower court record. The prosecutor essentially admits, however, that the motion became part of the record. Apparently, the motion alleged that the prosecutor's failure to respond to defendant's offer to cooperate amounted to conclusive evidence that defendant "had no relevant or useful information to provide" as mentioned in MCL 791.234(10). We decline to conclude that the prosecutor's failure to meet with defendant amounted to such evidence and satisfied the necessary conditions for early parole eligibility contained in MCL 791.234(10).

enforcement *or* that at no time before the motion did [he] have relevant or useful information to provide." *Id.* at 32 (emphasis in original). He simply made an offer to cooperate.[8] We therefore do not believe that he was entitled to a hearing, and we do not believe that the trial court erred in denying his request for early parole eligibility.[9] Nevertheless, we must remand this case for a hearing and for further findings under the authority of the majority opinion in *Matelic*.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[8] Defendant alleges that he filed a reply and an affidavit in response to the prosecutor's answer to the motion for a judicial determination regarding cooperation. This reply and this affidavit are not contained in the lower court file, and the prosecutor does not concede that they became part of the record but instead states that "[t]he People would note that they are unclear as to whether this pleading was received by Judge Sosnick because the docket entries do not delineate the same and the record had been transmitted to this Honorable Court." As noted in *People v Williams*, 241 Mich App 519, 524 n 1; 616 NW2d 710 (2000), a party may not enlarge the record on appeal. At any rate, the affidavit as represented by defendant does nothing more than reiterate defendant's willingness to cooperate. Defendant also attached an affidavit to his motion for reconsideration. In this affidavit, he set forth certain details, which might have been useful to the authorities, about the underlying offenses. We decline to consider this affidavit because a motion for reconsideration is used to correct "a palpable error by which the court and the parties have been misled," see MCR 2.119(F)(3), and not to present new evidence.

[9] We understand that our position may appear to work an injustice, because a prisoner who has relevant information to provide law enforcement and who has attempted to cooperate with the authorities but has been rebuffed or prevented from doing so conceivably would not be eligible for early parole eligibility. However, we believe that our position is consistent with the plain language of the statute and with general legal principles as discussed in the excerpt from Judge WILDER's dissent quoted above. Moreover, we express no opinion concerning whether a prisoner might qualify for parole eligibility if, for example, he sends a detailed and unsolicited letter to the authorities describing the relevant information he possesses.