Per Curiam.
 

 Defendant was convicted by a jury of escape while awaiting trial on a felony, MCL 750.197(2). He was sentenced as an habitual offender, third offense, MCL 769.11, to thirty to ninety-six months’ imprisonment.
 
 [1]
 
 Defendant appeals as of right. We affirm.
 

 On April 22, 1998, members of Saginaw’s Gang Task Force (gtf) stopped defendant’s vehicle. The gtf officers were acting on an arrest warrant, which alleged that defendant committed several drug and weapons violations. Defendant was taken to the Saginaw County Jail where he was placed in a holding cell. Officers testified that while defendant was awaiting processing, he asked to use the restroom. When a guard opened the cell door, defendant ran through an open door leading to the “sally port” section of the jail and escaped from the premises through an open garage-type door. Officers were unable to immediately apprehend defendant. On May 27, 1998, a member of the gtf was informed that defendant was in the custody of the Ottawa County Sheriff’s Department. Officers claimed that while transporting defendant back to Saginaw, defendant admitted he had escaped from the Saginaw County Jail. At trial on the escape charge,
 
 [2]
 
 defendant testified that he was not taken into police custody on April 22, 1998. Defendant claimed that this was a case of mistaken identity and that he never told officers he had escaped from custody.
 

 
 *521
 
 On appeal, defendant first argues that the trial court erred in denying his motion to suppress evidence of the specific charges included in the arrest warrant. Defendant claims that in light of his trial counsel’s willingness to stipulate that a valid arrest warrant had been issued, the specific charges in the warrant were irrelevant to any issue at trial and unfairly prejudicial to defendant because the evidence only tended to show defendant as a bad person who probably committed the crime charged.
 
 [3]
 

 This Court reviews a trial court’s decision regarding the admissibility of evidence for an abuse of discretion.
 
 People v Schutte,
 
 240 Mich App 713, 715; 613 NW2d 370 (2000). An abuse of discretion occurs when an unprejudiced person, considering the facts on which the court acted, would conclude that there was no justification or excuse for the court’s ruling.
 
 Id.
 

 Generally, all relevant evidence is admissible, and irrelevant evidence is not. MRE 402. Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence. MRE 401;
 
 People v Sabin (After Remand),
 
 463 Mich 43, 57; 614 NW2d 888 (2000). Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time, or needless presentation of cumulative evidence. MRE 403;
 
 Sabin, supra
 
 at 58. Unfair prejudice exists when there is a tendency that the evidence will be given undue or pre
 
 *522
 
 emptive weight by the jury, or when it would be inequitable to allow use of the evidence.
 
 People v Mills,
 
 450 Mich 61, 75-76; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). A trial court has broad discretion in regard to controlling trial proceedings. MCL 768.29.
 

 In the present case, evidence that there was a valid warrant issued for defendant’s arrest was relevant to whether defendant committed the offense of escape. Evidence of the warrant tended to prove that defendant was legally in custody when he was placed in the Saginaw County Jail. The specific charges suggested that defendant could not have been legally discharged from jail after such a short period. Moreover, the seriousness of the charges tended to show that defendant had motive to escape police custody. MRE 401; see MRE 404(b). Given the considerable other evidence supporting the finding that defendant committed the escape, the probative value of the challenged evidence was not substantially outweighed by the danger of unfair prejudice. MRE 403. Under these circumstances, the trial court’s denial of defendant’s motion to suppress evidence of the specific charges in the warrant did not constitute an abuse of discretion.
 
 Schutte, supra.
 

 Furthermore, the trial court’s instructions to the jury cured any alleged error. The trial court instructed the jury that defendant was to be presumed innocent and evidence of other criminal conduct could not be used to prove that defendant was guilty of escape.
 
 [4]
 
 
 *523
 
 Generally, jurors are presumed to follow the court’s instructions.
 
 People v Dennis,
 
 464 Mich 567, 581; 628 NW2d 502 (2001). Given those instructions, it is not apparent that the references at trial to the specific charges in the warrant resulted in a miscarriage of justice. MCL 769.26;
 
 People v Lukity,
 
 460 Mich 484, 495; 596 NW2d 607 (1999).
 

 Defendant also argues that he is entitled to a new trial because several references at trial to the gtf unfairly suggested that defendant was involved in a gang. Defendant did not object below to any of the challenged comments or testimony. Therefore, we review this issue for plain error that affected defendant’s substantial rights.
 
 People v Carines,
 
 460 Mich 750, 763-764; 597 NW2d 130 (1999). Reversal is warranted only if the unpreserved error resulted in the conviction of an actually innocent defendant or when the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.
 
 Id.
 
 at 763.
 

 We have considered the references at trial to the GTF in the context of the other evidence against defendant in this case and we are not convinced that the references resulted in conviction of an actually innocent person. Several of the comments were made while establishing the officers’ credentials or explaining the officers’ involvement in defendant’s arrest. Moreover, several of the complained-of references were made by defendant’s own counsel during cross-examination of officers. Under these circumstances, defendant has not shown plain error that affected his substantial rights.
 
 Carines, supra.
 

 Affirmed.
 

 [1]
 

 That sentence is to be served consecutively to the sentence imposed in Saginaw Circuit Court Case No. 98-015792-FH.
 

 [2]
 

 Before trial, this Court reversed the trial court’s order granting defendant’s motion to quash the information.
 
 People v Taylor,
 
 238 Mich App 259; 604 NW2d 783 (1999).
 

 [3]
 

 Insofar as defendant argues that evidence of the charges should have been suppressed under MRE 404(b), defendant did not object on that basis below and we refuse to consider this unpreserved issue. MRE 103(a)(1);
 
 People v Kilbourn,
 
 454 Mich 677, 684-685; 563 NW2d 669 (1997).
 

 [4]
 

 Defendant claims that the court’s instructions specifically related to references at trial to a prior assault defendant was involved in, not the charges contained in the warrant. Regardless of whether the instructions were given as a direct consequence of the references to the charges in the warrant, the court made clear that any charge or prior bad conduct by defendant was not to be considered evidence proving defendant’s guilt of escape.