# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LEON WATSON,

      Defendant-Appellant.

UNPUBLISHED
August 22, 2017

No. 333125
Cass Circuit Court
LC No. 15-010146-FC

---

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by right his convictions at a jury trial of two counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1) (multiple variables); two counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1) (multiple variables); and one count of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(a). The trial court sentenced defendant to 25 years to 45 years' imprisonment for each CSC I offense, 6 years to 15 years for each CSC II offense, and 6 years to 15 years for the CSC III offense. Defendant's sentences are concurrent. We affirm.

This case arose from defendant's sexual abuse of the victim, his learning disabled and diabetic grandniece, from the time she was 7 until she was 14 years old. Defendant repeatedly molested the victim and raped her at his farm until she revealed the sexual abuse to her grandmother in May 2015.

Defendant first argues that the trial court abused its discretion and denied him his right of confrontation by excluding evidence of the victim's sexual conduct with persons other than defendant. Defendant contends that the evidence was admissible to show the victim's age-inappropriate sexual knowledge and her motive for falsely accusing him. We disagree.

We review de novo both constitutional claims and preliminary questions of law regarding admissibility of evidence. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). We review for an abuse of discretion a trial court's decision regarding admissibility of evidence. *People v Taylor*, 252 Mich App 519, 521; 652 NW2d 526 (2002). An abuse of discretion occurs when the trial court chooses an outcome that is outside the range of principled outcomes. *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011).

The trial court did not abuse its discretion by excluding the proffered evidence of the victim's sexual conduct with persons other than defendant because such evidence was not

-1-

relevant to any fact in question and had no probative value to the issues in this case. Additionally, the introduction of such evidence would have been highly prejudicial and confusing to the jury, outweighing any probative value it may have had.

Only relevant evidence is admissible. MRE 402. Under MRE 401, relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevant evidence, however, is not always admissible. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." MRE 403. The decision whether to admit evidence is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *People v Katt*, 468 Mich 272, 278; 662 NW2d 12 (2003).

Michigan's rape-shield statute, MCL 750.520j, embodies the legislative policy that the victim's sexual conduct, as evidence of character and for impeachment, lacks legal relevance. *People v Morse*, 231 Mich App 424, 429-430; 586 NW2d 555 (1998). MCL 750.520j provides:

> (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

> (a) Evidence of the victim's past sexual conduct with the actor.

> (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

> (2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof. The court may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an in camera hearing to determine whether the proposed evidence is admissible under subsection (1).

The rape-shield statute excludes from admission at trial irrelevant "evidence of the victim's sexual conduct with persons other than defendant." *People v Arenda*, 416 Mich 1, 10; 330 NW2d 814 (1982). The rape-shield statute provides only two narrow exceptions. *People v Duenaz*, 306 Mich App 85, 91; 854 NW2d 531 (2014). Further, "inquiries into sex histories, even when minimally relevant, carry a danger of unfairly prejudicing and misleading the jury." *Arenda*, 416 Mich at 10. Evidence of a complainant's sexual history also "is usually irrelevant as impeachment evidence because it has no bearing on character for truthfulness." *People v Adair*, 452 Mich 473, 481; 550 NW2d 505 (1996), citing MRE 608. "Michigan courts have applied the rape-shield statute in cases involving child victims." *Duenaz*, 306 Mich App at 92.

The evidence defendant sought to admit in this case concerning the victim's prior sexual experience ran afoul of the rape-shield statute because it did not fit within either of its narrow exceptions. Defendant did not seek its admission to establish that his sexual conduct with the victim was consensual nor could he. The victim's consent to defendant's sexual conduct was not an issue because, as a matter of law, the victim could not consent to sexual conduct with defendant because she was between the ages of 7 to 14 years old when the sexual conduct occurred and defendant was the victim's elderly relative. See MCL 750.520b(1)(a); MCL 750.520b(1)(b); MCL 750.520c(1)(a); MCL 750.520c(1)(b); and MCL 750.520d(1)(a). Further, the evidence was not offered to establish the source of semen, pregnancy, or disease. Consequently, the evidence was inadmissible under MCL 750.520j(1).

In limited situations, evidence that the rape-shield statute excludes may nonetheless be relevant and admissible to preserve a defendant's constitutional right of confrontation. *Adair*, 452 Mich at 484. When a defendant seeks admission of evidence excluded by the rape-shield statute, trial courts must "inform their exercise of discretion in regard to such a constitutional claim by conducting an in camera hearing." *Duenaz*, 306 Mich App at 93, citing *People v Hackett*, 421 Mich 338, 349; 365 NW2de 120 (1984). In *Morse*, we held that:

> Michigan law dictates that an in-camera hearing is appropriate to determine whether: (1) defendant's proffered evidence is relevant, (2) defendant can show that another person was convicted of criminal sexual conduct involving the complainants, and (3) the facts underlying the previous conviction are significantly similar to be relevant to the instant proceeding. [*Morse*, 231 Mich App at 437.]

In this case, defendant moved for admission of evidence of the victim's prior sexual conduct with third persons, stating it was relevant (1) to establish that the victim's age-inappropriate sexual knowledge was not learned from defendant, and (2) to show her motive for falsely accusing defendant. The trial court reviewed the proffered evidence at a hearing before trial and considered the evidence in relation to the procedural safeguards we defined in *Morse* to protect both the interests of a child victim and a defendant.

The record indicates that the trial court balanced the rights of the victim and defendant. Significantly, defendant failed to show any age-inappropriate sexual knowledge. The victim's trial testimony established that she was the victim of defendant's sexual abuse from the age of 7 to 14 years old. The record indicates that the victim's sexual knowledge was somewhat primitive for a girl of 15 years old at the time of trial. She used nontechnical language to describe the sexual assaults and the human body parts involved. We find nothing in the record that established that the victim had age-inappropriate sexual knowledge. Further, considering the long history of abuse by defendant, we cannot agree with defendant that confrontation of the victim with the proffered evidence of sexual conduct with her high school peers would have established that her sexual knowledge was learned from persons other than defendant.

Defendant's argument that the proffered evidence would have shown the victim's motive for falsely accusing defendant also lacks merit. Defense counsel argued to the trial court that the victim accused defendant of the sexual abuse to avoid embarrassing her family regarding the sexual conduct she had with her high school peers. That explanation defies logic. It is hard to

fathom how a public accusation of repeated sexual abuse by a family member would result in avoidance of embarrassing one's family regarding sexual conduct between the victim and high school boys. Moreover, nothing in the record even hints that the victim had some ulterior motive for accusing defendant of the sexual abuse. We conclude that the evidence was not at all probative of the victim's credibility. See *Duenaz*, 306 Mich App at 93. Consequently, defendant cannot claim that he was constitutionally entitled to introduce the evidence at trial. See *Hackett*, 421 Mich at 350, 354; *Arenda*, 416 Mich. at 13-14. Defendant failed to establish the victim's bias, any ulterior motive for making a false charge, or another basis for the contention that the victim had age-inappropriate sexual knowledge. *Hackett*, 421 Mich at 348; *Morse*, 231 Mich App at 436. Accordingly, we hold that the trial court did not abuse its discretion by denying the admission of the evidence of the victim's sexual conduct with persons other than defendant.

Defendant next argues that he was provided ineffective assistance of counsel because at trial his counsel did not object to the Sexual Assault Nurse Examiner's (SANE) testimony about the victim's statements during her examination regarding the long history of sexual abuse by defendant. We disagree.

To preserve a claim of ineffective assistance of counsel, defendant must have moved in the trial court for a new trial or a *Ginther* hearing.[1] *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). Here, defendant did not move in the trial court for a new trial or a *Ginther* hearing. Therefore, defendant's ineffective assistance of counsel issue was not preserved. *Petri*, 279 Mich App at 410.

A claim of ineffective assistance of counsel "presents a mixed question of fact and constitutional law." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). We review de novo constitutional issues. *Harvey v Michigan*, 469 Mich 1, 6; 664 NW2d 767 (2003). We review the trial court's findings of fact, if any, for clear error, and review de novo its conclusions of law. *Petri*, 279 Mich App at 410. "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289. However, when no motion for a new trial or for a *Ginther* hearing was held in the trial court, our review is limited to mistakes apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009); *Petri*, 279 Mich App at 410.

Defendant bears the burden of establishing that defense counsel provided ineffective assistance by showing that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (citation and quotation marks omitted). Defendant must overcome a strong presumption that trial counsel provided effective assistance. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

887 (1999). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

Defendant argues that the victim's statements were inadmissible hearsay to which his counsel should have objected. MRE 801 defines hearsay as "a statement, other than the one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Unless an exception exists, hearsay is inadmissible. MRE 802. "Statements made for the purpose of medical treatment are admissible pursuant to MRE 803(4) if they were reasonably necessary for diagnosis and treatment and if the declarant had a self-interested motivation to be truthful in order to receive proper medical care." *People v Mahone*, 294 Mich App 208, 214-215; 816 NW2d 436 (2011).

The "rationale for MRE 803(4) is the existence of (1) the self-interested motivation to speak the truth to treating physicians in order to receive proper medical care, and (2) the reasonable necessity of the statement to the diagnosis and treatment of the patient." *People v Meeboer (After Remand)*, 439 Mich 310, 322, 484 NW2d 621 (1992). An injury need not be readily apparent,

> [p]articularly in cases of sexual assault, in which the injuries might be latent, such as contracting sexually transmitted diseases or psychological in nature, and thus not necessarily physically manifested at all, a victim's complete history and a recitation of the totality of the circumstances of the assault are properly considered to be statements made for medical treatment. [*Mahone*, 294 Mich App at 215, citing *People v Garland*, 286 Mich App 1, 9-10; 777 NW 2d 732 (2009).]

In *Garland*, we held that a victim's statements about sexual assault made to a SANE who examined the victim were admissible under MRE 803(4). *Garland*, 286 Mich App at 8-9. To determine the admissibility of the statements to a SANE, we differentiated between testimonial and nontestimonial statements and explained that testimonial statements are inadmissible because "the primary purpose of the statements or the questioning that elicits them is to establish or prove past events potentially relevant to later criminal prosecution." *Id*. at 10 (citation and quotation marks omitted.) We explained that if the hearsay was "nontestimonial, the Confrontation Clause does not restrict state law from determining admissibility." *Id*. Thus:

> in order to determine whether a sexual abuse victim's statements to a SANE [sexual assault nurse examiner] are testimonial, the reviewing court must consider the totality of the circumstances of the victim's statements and decide whether the circumstances objectively indicated that the statements would be available for use in a later prosecution or that the primary purpose of the SANE's questioning was to establish past events potentially relevant to a later prosecution rather than to meet an ongoing emergency. [*Id*. (citation omitted.)]

"[P]articularly in cases of sexual assault, in which the injuries might be latent, such as contracting sexually transmitted diseases or psychological in nature, and thus not necessarily

physically manifested at all, a victim's complete history and a recitation of the totality of the circumstances of the assault are properly considered to be statements made for medical treatment." *People v Shaw*, ____ Mich App ___, ____ (2016), slip op at 3, quoting *Mahone*, 294 Mich App at 215 (brackets omitted; emphasis added).

We similarly explained in *Duenaz* that in "cases of suspected child abuse, statements the child makes may be admitted under [MRE 803(4)] when the totality of circumstances surrounding the statements supports that they are trustworthy." *Duenaz*, 306 Mich App at 95, citing *Meeboer*, 439 Mich at 323-324. To determine the trustworthiness the victim's statements to the SANE we review them in light of the factors listed in *Meeboer*, which include:

> (1) the age and maturity of the declarant, (2) the manner in which the statements are elicited (leading questions may undermine the trustworthiness of a statement), (3) the manner in which the statements are phrased (childlike terminology may be evidence of genuineness), (4) use of terminology unexpected of a child of similar age, (5) who initiated the examination (prosecutorial initiation may indicate that the examination was not intended for purposes of medical diagnosis and treatment), (6) the timing of the examination in relation to the assault (the child is still suffering pain and distress), (7) the timing of the examination in relation to the trial (involving the purpose of the examination), (8) the type of examination (statements made in the course of treatment for psychological disorders may not be as reliable), (9) the relation of the declarant to the person identified (evidence that the child did not mistake the identity), and (10) the existence of or lack of motive to fabricate. [*Duenaz*, 306 Mich App at 95-96 (citations omitted).]

Applying those factors here, the record indicates that the SANE met the victim approximately six weeks after the victim disclosed the sexual abuse. She inquired regarding the victim's medical history and after establishing rapport with the victim asked her questions regarding the sexual conduct that occurred so that she could examine, diagnose, and potentially treat any physical injuries or sexually transmitted diseases found during the examination. The victim explained in her own words to the SANE the sexual acts that she experienced with defendant. Based on those statements, the SANE examined the victim's genital area and anus. Nothing in the record indicated that the SANE questioned the victim to elicit testimonial statements for later prosecution. Consequently, we conclude that the SANE's questions to the victim were reasonably necessary to define the scope of her examination for the purpose of diagnosing and treating the victim.

Further, applying the *Meeboer* factors supports admission of the victim's statements under MRE 803(4). Nothing in the record suggests that the SANE used leading questions to elicit the victim's statements. The victim was examined for the purpose of diagnosis and treatment approximately six weeks after her last sexual assault. Further, the record does not indicate the victim's statements were fabricated or that she had any motive to fabricate them. The victim unequivocally identified defendant as the perpetrator of the repeated sexual assaults against her. We conclude that the record establishes that the victim's statements to the SANE were trustworthy and provided for the purpose of diagnosis and potential treatment of injuries or diseases. Therefore, they were admissible under MRE 803(4).

Defendant also uses the previously-cited case of *People v Shaw* to indicate that this testimony should have been disallowed. However, as the appellee's brief so clearly states the present case differs materially from the split opinion in *Shaw*, which held that a victim's hearsay statements given during a medical examination did not fall under the MRE 804(3) exception. In *Shaw*, the victim had not been assaulted for seven years prior to the examination; here, defendant most recently assaulted the victim only a few weeks prior to her disclosure. Dr. Guertin, the evaluating physician in *Shaw*, testified that he believed the victim's allegations; no such vouching statements were made in this case by the SANE. *People v Smith*, 425 Mich 98, 109 (1986) (a witness's assessment of the victim's credibility is "superfluous" because "the jury [is] in just as good a position to evaluate the victim's testimony"). More importantly, the victim in *Shaw* was sent to Dr. Guertin (who sent his report to law enforcement, not the victim) for purposes of litigation, not medical diagnosis; this fact played a part in this Court's holding in *Shaw* that the statements were not made for the purpose of medical diagnosis or treatment, but were ostensibly given for the purpose of prosecution. Slip op at 3.

Defense counsel was "not required to make a meritless motion or a futile objection." *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003). Because the victim's statements were nontestimonial under *Garland*, and admissible under MRE 803(4), defense counsel's failure to object to the SANE's testimony regarding the victim's statements did not fall below an objective standard of reasonableness. Accordingly, defendant's claim of ineffective assistance of counsel lacks merit.

Additionally, defendant failed to establish that the testimony prejudiced his case and but for defense counsel's deficient performance, a reasonable probability existed that the outcome would have been different. The victim specifically and unequivocally testified at trial regarding defendant's repeated sexual assaults against her. She did not waiver on cross-examination. In a criminal sexual conduct case, the victim's testimony is sufficient to support a conviction. *People v Smith*, 205 Mich App 69, 71; 517 NW2d 255 (1994). At most, the SANE's testimony regarding the victim's out-of-court statements were cumulative to the victim's in-court testimony identifying defendant as her abuser and the acts her committed against her.

The jury obviously believed the victim's testimony despite defendant's efforts to challenge the victim's credibility and present himself as an honest and trustworthy person. Accordingly, we hold that defendant failed to demonstrate that a reasonable probability exists that the outcome of the trial would have been different but for defense counsel's failure to object to the SANE's testimony. Defendant, therefore, has failed to establish that he was provided ineffective assistance of counsel and reversal is not warranted.

Affirmed.

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle