*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 21, 2023

Plaintiff-Appellee,

v

No. 364430
Genesee Circuit Court
LC No. 2021-048141-FH

JAQAVEON SHUQORE MILLER,

Defendant-Appellant.

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his conviction, following a jury trial, of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(c) (sexual penetration of a victim who is physically helpless), for which he was sentenced to a prison term of 85 months to 15 years. We affirm.

Defendant was convicted of sexually assaulting KB during a party at a Grand Blanc apartment on November 10, 2019. The prosecution presented evidence that the party attendees were playing drinking games and most became intoxicated. KB, among those who were intoxicated, became sick and was taken to a bedroom to recover. Defendant later went into the bedroom. The prosecution's theory at trial was that defendant penetrated KB's anus or vagina with his penis while she was passed out, knowing that she was physically helpless. KB underwent a sexual assault nurse examination (SANE) approximately 12 hours after the alleged assault. DNA was recovered from "the vaginal wall cervical swabs," but the amount was insufficient for testing. Male DNA was also found on "anal perianal" swabs and testing of that DNA revealed very strong support that defendant was a contributor. At trial, defendant denied sexually assaulting KB. Defendant testified at trial and admitted lying in the same bed with KB at the party, and he also admitted that there was some sexual contact between them that involved touching, which he claimed was consensual. But, he denied engaging in any sexual intercourse with KB.

## I. ANONYMOUS JURY

Defendant first argues that his right to due process was violated because the trial court used an anonymous jury whereby it referred to the jurors by number rather than by name throughout voir dire and trial. We disagree. To properly preserve an issue for appeal, a defendant must timely object in the trial court, even if the right asserted is constitutional in nature. See *People v Carines*, 460 Mich 750, 752-753;

-1-

597 NW2d 130 (1999).  As defendant concedes, he did not object or otherwise raise this issue in the trial court, leaving the issue unpreserved.  Therefore, we review this unpreserved constitutional claim for plain error affecting defendant's substantial rights.  *Id*. at 762-763.  "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *Id*. at 763.  In addition, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence."  *Id*. at 763-764 (cleaned up).

A trial court's practice of referring to jurors by number instead of name potentially involves the use of an "anonymous jury," which this Court has defined as "one in which certain information is withheld from the parties, presumably for the safety of the jurors or to prevent harassment by the public."  *People v Williams*, 241 Mich App 519, 522; 616 NW2d 710 (2000).  The use of an anonymous jury implicates two interests:  "(1) the defendant's interest in being able to conduct a meaningful examination of the jury and (2) the defendant's interest in maintaining the presumption of innocence."  *Id*. at 522-523.  An anonymous jury is "where something more than just the jurors' names is withheld from the parties" and only is actually implicated if certain biographical information also is withheld.  *People v Hanks*, 276 Mich App 91, 93; 740 NW2d 530 (2007).  Ultimately, "[a] challenge to an 'anonymous jury' will only succeed where the record reflects that withholding information precluded meaningful voir dire or that the defendant's presumption of innocence was compromised."  *Id*.

In this case, the record does not support defendant's contention that an actual "anonymous jury" was used.  The record discloses that, at the outset of voir dire, the trial court informed the parties and the prospective jurors of its practice of referring to jurors by number rather than name.  The court explained:

> During the selection process, we have questionnaires that you folks have filled out and we'll be referring to you each by juror number.  So, not by your names individually.

> I prefer to refer to people by their names, but for purposes of privacy, we'll refer to you each by your juror number.

Subsequently, when a prospective juror arrived late, the court again explained that they were "going to refer to you by your number not your name for privacy purposes."

There is no indication that the parties did not have access to the jurors' names or other relevant biographical information.  The jurors had filled out questionnaires and defendant does not identify any juror information that was withheld from the parties.  Further, there is nothing in the record to indicate that the use of numbers when referring to jurors on the record undermined defendant's presumption of innocence.  The trial court advised the jury that it was using this method only "for purposes of privacy," which was its common practice.  Thus, there was no implication that this method was necessary to protect the jurors from defendant.  Also, the trial court instructed the jury, before voir dire and again after closing arguments, that defendant was presumed innocent.

In sum, there is no indication in the record that any juror information was withheld from the parties or that the trial court's practice of referring to the jurors by number, rather than name, undermined defendant's presumption of innocence or precluded meaningful voir dire.  Accordingly, because there was no "anonymous jury" in this case, defendant has not demonstrated a plain error.

## II.  EXCLUSION OF EVIDENCE

Next, defendant raises issues related to the trial court's exclusion of evidence that, while at the party, KB made statements in front of all the partygoers boasting about her ability to perform oral sex. We disagree that defendant is entitled to appellate relief for any of these claims.

Defendant preserved his appellate claim that the evidence was not barred by the rape-shield statute, MCL 750.520j(1), by objecting to the prosecution's motion in limine to exclude the evidence under this statute. *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019); see also MRE 103(a)(1). We review the trial court's decision to exclude the evidence under this statute for an abuse of discretion. *Thorpe*, 504 Mich at 251-252. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014). "A decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *Thorpe*, 504 Mich at 252. "Preliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence, are reviewed de novo[.]" *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014).

Defendant also asserts on appeal that exclusion of the evidence violated his constitutional rights to confront his accuser and to present a defense. Because defendant did not object on these grounds in the trial court, his constitutional claims are unpreserved and subject to review only for plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 762-763; *People v Solloway*, 316 Mich App 174, 197; 891 NW2d 255 (2016).

### A.  MCL 750.520J

MCL 750.520j(1) provides:

> Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:
>
> (a) Evidence of the victim's past sexual conduct with the actor.
>
> (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

The underlying rationale of the rape-shield statute and its corresponding rule of evidence is "that, in the overwhelming majority of prosecutions, evidence of a rape victim's sexual conduct with parties other than the defendant, as well as the victim's sexual reputation, is neither an accurate measure of the victim's veracity nor determinative of the likelihood of consensual sexual relations with the defendant." *People v Powell*, 201 Mich App 516, 519; 506 NW2d 894 (1993); see also *People v Wilhelm (On Rehearing)*, 190 Mich App 574, 585; 476 NW2d 753 (1991).

Defendant first argues that KB's "statements here were not statements of her 'prior consensual sexual activity,' and thus not excluded under the rape shield law." We agree with the prosecution, however, that KB's account of being able to "deep throat" a penis suggests that KB had participated in

-3-

oral sex in the past. Thus, contrary to defendant's assertion, her statements involve evidence of prior specific instances of sexual conduct within the scope of MCL 750.520(j).

Furthermore, as was discussed in the trial court, in *Wilhelm (On Rehearing)*, 190 Mich App 574, the defendant sought to present evidence that he observed the victim expose her breasts to two men who were sitting at her table and allowed one of the men to fondle them. *Id*. at 578. In concluding that the trial court properly excluded this evidence, this Court stated:

> As noted in *Arenda*,[1] one of the purposes of the law is to encourage victims to report and testify without fear that the trial court's proceedings would veer from an impartial examination of the accused's conduct on the date in question and instead take on the aspects of an inquisition during which the victim would be required to acknowledge and justify her sexual past. Moreover, we fail to see how a woman's consensual sexual conduct with another in public indicates to third parties that the woman would engage in similar behavior with them. As noted in *Hackett*,[2] evidence of a rape victim's unchastity is ordinarily insufficiently probative of her consent to intercourse with a defendant. [*Id*. at 584-585.]

*Wilhelm* is instructive to this case. KB made comments in front of other party attendees about her adeptness in performing oral sex. Similar to *Wilhelm*, KB's references to her past sexual conduct were not probative of her consent to engage in oral sex or any other sexual act with defendant. Further, evidence of her oral sex capabilities reflects on her chastity, which is "ordinarily insufficiently probative of her consent to intercourse with a defendant." *Wilhelm (On Rehearing)*, 190 Mich App at 585. The trial court's decision to exclude this evidence under MCL 750.520j(1) and *Wilhelm* is within the range of reasonable and principled outcomes.

Defendant further asserts that "even if this Court determines that the evidence in question was barred by the rape-shield statu[t]e, evidence that is otherwise excluded by rape-shield statutes may be 'required to preserve a defendant's constitutional right to confrontation.' " Defendant cites law delineating the right to confrontation, but he does not provide any analysis applying that law to the facts of this case or within the context of the rape-shield statute. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims[.]" *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). A defendant abandons his claims when he fails to make a meaningful argument in support of his position. See MCR 7.212(C)(7); *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Consequently, defendant's mere suggestion that exclusion of the evidence may have implicated his right of confrontation is insufficient to properly present this issue and is deemed abandoned.

## B. RIGHT TO PRESENT A DEFENSE

---

[1] *People v Arenda*, 416 Mich 1; 330 NW2d 814 (1982).

[2] *People v Hackett*, 421 Mich 338; 365 NW2d 120 (1984).

Defendant argues that admission of the evidence was necessary to preserve his constitutional right to present a defense because KB's comments about oral sex is "an issue that could seriously call her credibility into question."

Although defendant has a constitutional right to present a defense, US Const, Am VI; Const 1963, art 1 § 20; *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008), he must still comply with procedural and evidentiary rules established to assure fairness and reliability in the verdict. See *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984); *People v Arenda*, 416 Mich 1, 8; 330 NW2d 814 (1982). As such, defendant's right to present a defense extends to only relevant and admissible evidence. *Solloway*, 316 Mich App at 198. Further, the right to present a defense is not absolute, and may "bow to accommodate other legitimate interests in the criminal trial process." *People v Unger*, 278 Mich App 210, 250; 749 NW2d 272 (2008) (quotation marks and citation omitted).

Prohibiting defendant from questioning KB about her ability to perform oral sex did not deny defendant a defense. "[I]n the overwhelming majority of prosecutions, evidence of a rape victim's sexual conduct with parties other than the defendant, as well as the victim's sexual reputation, is [not] an accurate measure of the victim's veracity . . . ." *Powell*, 201 Mich App at 519. Defendant does not explain how KB's comments were relevant to her character for truthfulness. Indeed, during the preliminary examination, KB admitted that she made the comments. Defendant's defense was focused on refuting the prosecution's contention that KB was physically helpless and incapable of consenting to sexual activity, and defense counsel thoroughly and extensively asked KB questions designed to test her credibility. It is not apparent how evidence of KB's comments about her abilities related to oral sex, made in front of all the partygoers and not to defendant specifically, would have supported the defense theory that she was not physically helpless during the incident. Furthermore, the rape-shield statute reflects the Legislature's belief that "inquiries into sex histories, even when minimally relevant, carry a danger of unfairly prejudicing and misleading the jury." *Arenda*, 416 Mich at 10. Considering the minimal, if any, relevance of the evidence in question and its highly prejudicial nature to KB and its potential to mislead the jury, defendant has failed to demonstrate a plain error.

## C. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that defense counsel was ineffective for failing to oppose the prosecution's motion in limine on constitutional grounds. Because defendant failed to raise this ineffective-assistance claim in the trial court in a motion for a new trial or request for an evidentiary hearing, our review is limited to mistakes apparent from the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *Solloway*, 316 Mich App at 187. "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). The effective assistance of counsel is presumed, and the burden is on the defendant to establish the contrary. *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014).

As discussed earlier, the trial court did not abuse its discretion by excluding the evidence under the rape-shield statute. Further, exclusion of the evidence did not violate defendant's constitutional right

to present a defense, and failure to advance a "futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). In addition, defendant fails to present a persuasive argument that he was entitled to question KB to preserve his right of confrontation, and he has the burden of establishing the factual predicate of his ineffective-assistance-of-counsel claim. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). To the extent that defense counsel could have presented a constitutional argument, rather than merely objecting at the hearing, defendant has not demonstrated a reasonable probability that the result would have been different. See *Nix*, 301 Mich App at 207. Consequently, defendant cannot establish a claim of ineffective assistance of counsel.

## III. MISTAKE OF FACT

Defendant also argues that the trial court erred by denying his request for a jury instruction on the defense of mistake of fact. We disagree.

Although this Court reviews questions of law pertaining to jury instructions de novo, a trial court's decision whether an instruction is applicable to the facts of the case is reviewed for an abuse of discretion. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Armstrong*, 305 Mich App at 239. We review jury instructions as a whole, rather than as individual parts. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011).

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *Armstrong*, 305 Mich App at 239 (quotation marks and citation omitted). "The jury instructions must include all the elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Id*. at 240 (quotation marks and citation omitted). "A defendant asserting an affirmative defense must produce some evidence on all elements of the defense before the trial court is required to instruct the jury regarding the affirmative defense." *People v Guajardo*, 300 Mich App 26, 34-35; 832 NW2d 409 (2013) (cleaned up).

The trial court's decision to deny a mistake-of-fact instruction is within the range of reasonable and principled outcomes. *Armstrong*, 305 Mich App at 239. The defense of mistake of fact requires that the mistake relate to facts and not the law, and that the mistake be honest and reasonable. 21 Am Jur 2d, Criminal Law, § 152, pp 232-233. "A mere belief, unsupported by a showing of due care and bona fide, reasonable effort to ascertain the facts, is insufficient to constitute a mistake of fact defense." *People v Quinn*, 440 Mich 178, 196; 487 NW2d 194 (1992) (quotation marks and citation omitted). As the trial court observed, KB testified at trial that she was asleep, after becoming intoxicated and passing out, when she felt penetration in her vagina. In contrast, defendant's theory of the case was that any sexual activity was consensual. Defendant testified at trial that after going into the bedroom, he sat on the floor and talked to KB for approximately 10 minutes before he asked for permission to sit on the bed. After KB said okay, she moved toward him, he touched her and briefly digitally penetrated her vagina, and she was touching his penis. While defendant submitted evidence to support his theory of consent, he did not present evidence that he was honestly and reasonably mistaken regarding whether KB was physically helpless.

Furthermore, jury instructions are reviewed in their entirety to determine whether any error requiring reversal occurred. *Kowalski*, 489 Mich at 501. As applicable to this case, a person is guilty of

CSC-III if he or she engages in sexual penetration with another person and the actor knows or has reason to know that the victim is physically helpless. MCL 750.520d(1)(c). The trial court instructed the jury that a required element of the offense is "that the defendant knew or should have known that [KB] was physically helpless at the time of the alleged act." This instruction is consistent with MCL 750.520d(1)(c). By including the "knows or has reason to know" language, the Legislature intended to eliminate liability where the physical helplessness is not apparent to a reasonable person. See *People v Davis*, 102 Mich App 403, 407; 301 NW2d 871 (1980). See also *People v Cash*, 419 Mich 230, 241; 351 NW2d 822 (1984) (explaining that "the Legislature specifically provided for the defense of a reasonable mistake of fact by adding the language that the actor 'knows or has reason to know' of the victim's condition where the prior statute contained no requirement of intent"). Under the instructions provided, the jury could not convict defendant of CSC-III unless it found beyond a reasonable doubt that he knew or had reason to know that KB was physically helpless. Accordingly, examined as a whole, the instructions fairly covered the substance of a mistake-of-fact instruction and sufficiently protected defendant's rights. *Kowalski*, 489 Mich at 501-502. Therefore, defendant is not entitled to a new trial on this basis.

## IV. SCORING OF OFFENSE VARIABLES

Lastly, defendant argues that resentencing is required because the trial court erroneously scored Offense Variable (OV) 3 and OV 11 of the sentencing guidelines. We disagree.

When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

## A. OFFENSE VARIABLE 3

OV 3 considers physical injury to a victim. MCL 777.33(1). A score of 10 points is appropriate if "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). If "[n]o physical injury occurred to a victim," a trial court must assess zero points for OV 3. MCL 777.33(1)(f). For purposes scoring of OV 3, a " 'bodily injury' encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). In *People v Barnes*, 332 Mich App 494, 500; 957 NW2d 62 (2020), in which the defendant was convicted of CSC-I and CSC-III, this Court held that the victim suffered a bodily injury requiring medical treatment because a SANE nurse administered emergency contraception and medication to prevent sexually transmitted infections, thereby upholding the trial court's assessment of 10 points for OV 3. See also *People v Johnson*, 342 Mich App 90, 97-98; 992 NW2d 668 (2022), oral argument gtd on the application ___ Mich ___; 982 NW2d 391 (2022) (upholding a 10-point score for OV 3 where "the victim required medical treatment to prevent pregnancy and disease because of an illegal, unprotected sexual penetration," and noting that "this Court in *Barnes* implicitly adopted the conclusion . . . that the administration of prophylactic medication to prevent pregnancy or disease following a sexual assault is sufficient by itself to require assessment of 10 points for OV 3").

Although defendant argues that the SANE examiner's notation that KB had a splint on her thumb did not support the scoring of OV 3 because KB stated that she did not know how she injured the thumb, and the examiner testified that there was no physical trauma or injury, the trial court did not consider KB's

thumb injury when scoring OV 3, but instead relied on her receipt of medical treatment in the form of a sexual assault examination. The SANE examiner testified at trial and her report was admitted into evidence. The SANE report indicates that KB received emergency contraception to prevent pregnancy and three forms of "STI Prophylaxis," which the SANE examiner explained at trial was given to prevent sexually transmitted infections. This evidence supports the trial court's 10-point score for OV 3. *Johnson*, 342 Mich App at 98.

## B. OFFENSE VARIABLE 11

OV 11 considers criminal sexual penetrations. MCL 777.41. The trial court must score 25 points if "[o]ne criminal sexual penetration occurred." MCL 777.41(1)(b). In scoring OV 11, a trial court may not count the one sexual penetration that formed the basis for the conviction, MCL 777.41(2)(c), but may score all other "sexual penetrations of the victim by the offender arising out of the sentencing offense." MCL 777.41(1)(a). The phrase "arising out of" suggests "a causal connection between two events of a sort that is more than incidental." *People v Johnson*, 474 Mich 96, 101; 712 NW2d 703 (2006). "Something that 'aris[es] out of,' or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen." *Id*.

As the trial court observed, the one sexual penetration that formed the basis for the conviction was penile-vaginal or penile-anal penetration. During defendant's recorded police interview, defendant admitted that he put his finger inside KB's vagina and stopped. On the basis of defendant's admission that he digitally penetrated KB's vagina, a preponderance of the evidence supports the trial court's finding that there was one additional sexual penetration in addition to a penile penetration. Accordingly, the trial court did not err by assigning 25 points for OV 11.

## V. CONCLUSION

There were no errors warranting relief. We affirm.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly

-8-